UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-14962 JGR |
| GUNSMOKE, LLC ) | |
| EIN: 27-0247683 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |
| ) | Case No. 20-14853 JGR |
| HAPPY BEAVERS, LLC ) | |
| EIN: 81-4752301 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |
| ) | Case No. 20-14963 JGR |
| ARMED BEAVERS, LLC ) | |
| EIN: 81-4763324 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**MOTION FOR SUBSTANTIVE
CONSOLIDATION**

The Debtors and Debtors-in-Possession, Gunsmoke, LLC, Happy Beavers, LLC, and Armed Beavers, LLC by and through their attorneys, JORGENSEN, BROWNELL & PEPIN, P.C. move the Court for an Order for Substantive Consolidation pursuant to L.B.R. 1015-1 and Bankruptcy Rule 1015 of the three Chapter 11 cases captioned Happy Beavers, LLC, Case No. 20-14853 JGR; Armed Beavers, LLC, Case No. 20-14963 JGR, and Gunsmoke, LLC, Case No. 20-14962 JGR; and, as grounds therefore, states as follows:

INTRODUCTION

1. Happy Beavers, LLC filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 17, 2020 and remains a debtor-in-possession.

2. Armed Beavers, LLC filed for relief under Chapter 11 of the Bankruptcy Code on July 22, 2020 and remains a debtor-in-possession.

3. Gunsmoke, LLC filed for relief under chapter 11 of the Bankruptcy Code on July 22, 2020 and remains a debtor-in-possession.

4. Happy Beavers, LLC, Armed Beavers, LLC and Gunsmoke, LLC are interlocked companies used by third parties: Chi Wei Fong and Richard Weingarten, for the operation of an indoor shooting range and retail gun shop (operating under the trade name: Front Range Gun Club) located at 697 N. Denver Ave., Loveland, Colorado 880537 (the "Property"). Happy Beavers, LLC, holds title to the real estate and has encumbered the real estate, fixtures and inventory. The inventory control is vested in Armed Beavers, LLC (that has also encumbered the fixtures and inventory) and the day-to-day sales and cashflows are handled through Gunsmoke, LLC (that is a wholly owned subsidiary of Armed Beavers, LLC). Gunsmoke, LLC technically leases the facility from Happy Beavers, LLC which that in-turn pays mortgage payments to creditors.

5. The issues that will need to be resolved in the Debtors' cases will be, to a great extent, identical. The cases will involve common factual and legal issues and overlapping encumbrances.

6. The Happy Beavers, LLC Chapter 11 case was the earlier-filed case. Accordingly, pursuant to Local Bankruptcy Rule 1015-1, substantive consolidation should occur under that case.

7. A similar Motion for Substantive Consolidation is being filed in the affiliated cases for Armed Beavers, LLC and Gunsmoke, LLC.

8. Joint Administration of the three cases is also requested under separate motion filed contemporaneously herewith pursuant to L.B.R. 1015-1(e).

## LEGAL STANDARD

The majority of circuits, including the Tenth Circuit, recognize that bankruptcy courts have the authority to substantively consolidate bankruptcy cases pursuant to their general equitable powers. *Fish v. East*, 114 F.2d 177 (10th Cir. 1940) (analyzing substantive consolidation under the

Act); *Federal Deposit Insurance Corp. v. Hogan* (*In re Gulfco Investments Corp.*), 593 F.2d 921, 928 (10th Cir. 1979).

All of the circuits that have recognized the remedy articulate its outcome and effects in uniform fashion. Substantive consolidation has the effect of consolidating assets and liabilities of multiple debtors and treating them as if the liabilities were owed by, and the assets held by, a single legal entity. In the course of satisfying the liabilities of the consolidated debtors from the common pool of assets, intercompany claims are eliminated and guaranties from co-debtors are disregarded. *In re Worldcom, Inc*., 2003 Bankr. LEXIS 1401, 2003 WL 23861928, at *35 (Bankr. S.D.N.Y. Oct. 31, 2003); *In re Pacific Lumber Co.*, 584 F.3d 229, 249 (5th Cir. 2009); *see also Union Say. Bank v. Augie/Restivo Baking Co., Ltd. (In re Augie/Restivo Baking Co., Ltd.)*, 860 F.2d 515, 518 (2d Cir. 1988) (describing effect of substantive consolidation); *In re Owens Corning*, 419 F.3d 195, 205-206 (3rd Cir. 2005). Within the bankruptcy process, this undoes the consequences of the debtor-entities' pre-petition status as separate legal persons. *In re Owens Corning*, 419 F.3d at 205-206. Pre- (and post-) petition liens against particular assets are preserved, but otherwise the resultant pool of assets is subject to the resultant pool of unsecured claims. *In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d at 518; *see also In re Owens Corning*, 419 F.3d at 206 (substantive consolidation "brings all the assets of a group of entities into a single survivor," i.e., the consolidated estate, and "merges liabilities as well"). Inter-company liabilities among the debtors are extinguished. *Eastgroup Properties. v. S. Motel Assocs., Ltd.*, 935 F.2d 245, 248 (11th Cir. 1991); *In re Auto-Train Corp. Inc.*, 810 F.2d 270, 276 (D.C. Cir. 1987).

Since there are no provisions there are no statutorily prescribed standards in the Bankruptcy Code, judicially developed standards control whether substantive consolidation should be granted in any given case. [Vol. 2] Collier on Bankruptcy ¶ 105.09 [2] [Alan N. Resnick & Henry J Sommer

16th Ed. 2015]. *SE Prop. Holdings, LLC v. Stewart (In re Stewart)*, 571 B.R. 460, 468-469 (Bankr. W.D. Okla. May 3, 2017).

The most commonly cited case on substantive consolidation in the Tenth Circuit, and elsewhere, is that of the Third Circuit in *In re Owens Corning*. There, the Third Circuit stated its test as follows:

> In our Court what must be proven (absent consent) concerning the entities for whom substantive consolidation is sought is that (i) pre-petition they disregarded separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one legal entity, or (ii) post-petition their assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors.
>
> \*\*\*\*
>
> A prima facie case for [substantive consolidation] typically exists when, based on the parties' pre-petition dealings, a proponent proves corporate disregard creating contractual expectations of creditors that they were dealing with debtors as one indistinguishable entity . . .. Proponents who are creditors must also show that, in their pre-petition course of dealing, they actually and reasonably relied on debtors' supposed unity. Creditor opponents of consolidation can nonetheless defeat a prima facie showing under the first rationale if they can prove that they are adversely affected and actually relied on debtor's separate existence.

*In re Owens Corning*, 419 F.3d 195, 211-212 (3rd Cir. 2005).

The other landmark case relied upon by most courts is *In re Auto-Train Corp. Inc.* which enunciated a three-part test requiring that (1) the proponent show a substantial identity between the entities, (2) consolidation is necessary to avoid some harm or to realize some benefit, and (3) that if a creditor objects on the grounds that it relied on the separate credit of one of the entities to its

prejudice consolidation may be ordered only if the benefits heavily outweigh the harm. 810 F.2d at 276; *see also In re Schupbach Investments, LLC*, 2012 Bankr. LEXIS 3806, 2012 WL 3564159 (Bank. D. Kan. 2012) (relying, in part, on *In re Auto-Train Corp.*).

More recently, a bankruptcy court in the Tenth Circuit in *Castle Arch Real Estate Investments Co., LLC*, summarized the law as follows:

> The criteria can be reduced into two general components: (1) the extent to which the entity to be substantively consolidated was managed or controlled by the debtor, and (2) whether the entity to be substantively consolidated had an economic existence independent from the Debtor.
>
> ****
>
> Finally, as recognized by numerous courts, the degree of difficulty and expense involved with segregating and ascertaining individual assets and liabilities of each of the entities is particularly relevant. Thus, substantive consolidation is proper where the assets of the entities in question are hopelessly co-mingled, or where difficult accounting problems caused by inter-company debt are so strong that the great expense in order to bring about an unscrambling threatens recovery.

*Castle Arch Real Estate Investments Co., LLC*, 2013 Bankr. LEXIS 532, 2013 WL 492369 (Bank. D. Utah 2013) (citations omitted).

To determine whether to approve substantive consolidation bankruptcy courts have also considered a variety of factors, including:

> [t]he presence or absence of consolidated financial statements; [t]he unity of interest and ownership among various corporate entities; [t]he degree of difficulty in segregating and ascertaining individual assets and liabilities; [t]he transfers of assets without formal observance of corporate formalities; [t]he commingling of assets and

business functions; [t]he profitability of consolidation at a single physical location; and [t]he disregard of legal formalities.

*In re Worldcom*, 2003 Bankr. LEXIS 1401, 2003 WL 23861928, at *35 (citing *Augie/Restivo*, 860 F.2d at 518); *see also In re Drexel Burnham Lambert Grp. Inc.*, 138 B.R. 723, 764 (Bankr. S.D.N.Y. 1992) (listing factors courts consider in ascertaining whether the interrelationship between entities warrants consolidation); *In re Republic Airways Holdings, Inc.*, 565 B.R. 710, 716-717 (Bankr. S.D.N.Y. April 10, 2017).

Once the movant has stated facts sufficient to have the Court disregard the separateness of the entities, the decisional focus shifts to the additional equitable consideration of the effect of the consolidation on the general unsecured creditors of all the entities involved. "The remedy of substantive consolidation is appropriate...when it has been shown that the possibility of economic prejudice which would result with continuing corporate separateness outweighed the minimal prejudice that substantive consolidation might cause." *In re Murray Industries, Inc.*, 119 B.R. 820, 829 (Bank. M. D. Fla. 1990); *In re Stewart*, 571 B.R. at., 471.

## LEGAL ANALYSIS

This is a case where the debtor entities are so inextricably related that their substantive consolidation is equitable to all parties involved. The entities are managed and controlled by the same persons, are economically co-dependent, and share in substantially all their debts. *See In re Owens Corning*, 419 F.3d, 211-212; *In re Auto-Train Corp. Inc.*, 810 F.2d 276; *Castle Arch Real Estate Investments Co., LLC*, 2013 Bankr. LEXIS 532, 2013 WL 492369.

As noted above, the business and economics of all three entities revolves around the operation of Front Range Gun Club. Gunsmoke, LLC, doing business as Front Range Gun Club, operates the day-to-day sales and cashflows. The inventory is meanwhile vested in Armed Beavers, LLC, and

Happy Beavers, LLC holds title to the Property in which Front Range Gun Club is operated. Happy Beavers, LLC then leases the Property to Gunsmoke, LLC.

The ownership, management, and control of the three entities are likewise connected. Gunsmoke, LLC is wholly owned by Armed Beavers, LLC which is in wholly owned by Chee Wei Fong and Richard Weingarten. Happy Beavers, LLC is also wholly owned by Chee Wei Fong and Richard Weingarten. Chee Wei Fong and Richard Weingarten also run the day-to-day operations of Front Range Gun Club and they manage and control all three debtor entities.

More importantly, the assets and liabilities and of all three entities are so inextricably intertwined that segregating them out and assigning them among various debtor entities would be extremely difficult and expensive. First, while taxes were filed separately for Happy Beavers, LLC, the taxes for Gunsmoke, LLC and Armed Beavers, LLC have been filed jointly under Gunsmoke, LLC. Second, as listed below, the liabilities of the three entities have significant overlap:

1. Happy Beavers, LLC entered into a Business Loan Agreement with Great Western Bank to finance the purchase of the Property. *See* Business Loan Agreement and Promissory Note *attached hereto as* Exhibit 1 and 2, respectively. This agreement gave Great Western Bank a First Deed of Trust on the Property and a security interest in the inventory. *See* Commercial Security Agreement *attached hereto as* Exhibit 3 Armed Beavers, LLC, Gunsmoke LLC, Chee Wei Fong, and Richard Weingarten are all guarantors to this agreement. *See* Commercial Guarantees *attached hereto as* Exhibit 5.

2. Happy Beavers, LLC purchased the Property from Angry Beavers, LLC, an entity owned by Edward and Stephen Klen. This agreement gave Angry Beavers, LLC a second Deed of Trust on the Property. *See* Promissory Note for Real Property *attached hereto as* Exhibit 5. Armed Beavers, LLC, Gunsmoke LLC, Chee Wei Fong, and Richard Weingarten are all guarantors to this agreement.

3. Armed Beavers purchased all membership interest and tangible personal property in Gunsmoke, LLC from Edward and Stephen Klen. Armed Beavers, LLC and Gunsmoke, LLC, are listed as borrowers. *See* Promissory Note for Membership Interest *attached hereto as* Exhibit 6. Happy Beavers, LLC, Chee Wei Fong, and Richard Weingarten are all guarantors to this agreement. *Id.*

4. Armed Beavers purchased all inventory of Gunsmoke, LLC from Edward and Stephen Klen. Armed Beavers, LLC and Gunsmoke, LLC, are listed as borrowers. Happy Beavers, LLC, Chee Wei Fong, and Richard Weingarten are all guarantors to this agreement. *See* Promissory Note for Inventory *attached hereto as* Exhibit 7. While Armed Beavers purchased the inventory, Happy Beavers, LLC purported to encumber that inventory under the Business Loan Agreement with Great Western Bank, to which Armed Beavers, LLC is also one of the guarantors. *See* Ex. 3.

5. Armed Beavers, LLC and Edward and Steve Klen also entered into a covenant not to compete. Armed Beavers, LLC and Gunsmoke, LLC, are listed as promissory obligors to this agreement. *See* Agreement for Covenant not to Compete *attached hereto as* Exhibit 8. Happy Beavers, LLC, Chee Wei Fong, and Richard Weingarten are all guarantors to this agreement. *Id*.

6. Subsequently, for each of the four promissory notes the debtor entities executed with Edward and Steve Klen and/or Angry Beavers, LLC, a subordination agreement was also entered into subordinating Edward Klen's, Steve Klen's, and Angry Beavers, LLC's debts to that of Great Western Bank's. Steve Klen, Edward Klen, Angry Beavers, LLC, Great Western Bank, Armed Beavers, LLC, Gunsmoke, LLC, Happy Beavers, LLC, Chee Wei Fong, and Richard Weingarten are all parties and signatories to these

      subordination agreements. *See* Subordination Agreements *attached hereto as* Exhibit 9, 10, 11 and 12.

7. Additionally, Happy Beavers, LLC and Gunsmoke, LLC and an executed lease agreement whereby rent is owing from Gunsmoke, LLC to Happy Beavers, LLC. *See* Commercial Lease *attached hereto as* Exhibit 13.

Because substantially all the debts owed to Great Western Bank or Angry Beavers and Edward and Steve Klen as owed collectively by the debtor entities (either personally, as guarantors, or functionally) and because the all the debts owed to Angry Beavers and Edward and Steve Klen are subordinate to the debts owed to Great Western Bank, there is no prejudice to any of the creditors in a consolidation of the debtor entities. *Castle Arch Real*, LEXIS 532, 2013 WL 492369; *In re Worldcom*, LEXIS 1401, 2003 WL 23861928, at *35; *In re Murray Industries, Inc.*, 119 B.R. at 829; *In re Stewart*, 571 B.R. at., 471. Conversely, the creditors will benefit from a single pool of assets and will avoid the great difficulty and expense in attempting to segregate and ascertain each debtor entities' respective assets and liabilities.

Under these facts, regardless of whether the standard articulated in *In re Owens Corning*, *In re Auto-Train Corp* or *Castle Arch* is applied, a substantive consolidation of the debtor entities is equitable.

## CONCLUSION

WHEREFORE, the debtors pray that the Gunsmoke, LLC's, Armed Beavers, LLC's and Happy Beavers, LLC's Chapter 11 cases be Substantively Consolidated under the Happy Beavers, LLC Chapter 11 case pursuant to Bankruptcy Rule 1015 and Local Bankruptcy Rule 1015-1, and for such further and additional relief as to the Court may appear proper.

Dated: August 16, 2020                            Respectfully submitted,

By: */s/ Gerald L. Jorgensen*
Gerald L. Jorgensen #18855
JORGENSEN, BROWNELL & PEPIN P.C.
5285 McWhinney Blvd., Suite 100
Loveland, CO 80538
Phone : (970) 304-0075
Fax : (970) 351-8421
Email : gerald@jbplegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and/or via e-mail to the following address:

Alison Goldenberg
Alison.Goldenberg@usdoj.gov
*U.S. Trustee*

Michael Payne
Mpayne@cp2law.com
*Counsel for Great Western Bank*

Nancy Miller
NMiller@nemirowperez.com
*Counsel for Klen's and Angry Beavers*

*Ingrid J. DeFranco*
*Ingrid.defranco@gmail.com*
*Counsel for Klen's and Angry Beavers*